# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL CASE NO. 2:10CV32
# [CRIMINAL CASE NO. 2:09CR24-2]

| | |
|---|---|
| KARI CONARD, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM<br>AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

## PROCEDURAL HISTORY

On October 6, 2009, the Petitioner was charged in Count One of the Bill of Indictment with bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2 and 2113(a), and in Count Three with possession of a firearm while being a user of and addicted to a controlled substance and aiding and abetting in violation of 18 U.S.C. §§ 2 and 922(g)(3). [Criminal Case No. 2:09cr24, Doc. No. 1]. On January 6, 2010, the Petitioner entered into a plea agreement with the Government wherein she agreed to

plead guilty to Count One of the Bill of Indictment. [Id., Doc. No. 24]. In exchange for the Petitioner's guilty plea to Count One, the Government agreed to dismiss Count Three of the Bill of Indictment. [Id.] Pursuant to the plea agreement, the Petitioner agreed that the Court may consider "any such dismissed count and all pertinent information as 'relevant conduct.' [Id.].

The Petitioner attended a Rule 11 hearing on January 13, 2010 before Magistrate Judge Dennis L. Howell. The Magistrate Judge engaged Petitioner in a lengthy colloquy to ensure that she understood the nature and consequences of the proceedings and her actions. [Id., Doc. 26]. The Petitioner entered her guilty plea during that hearing. [Id.] On June 16, 2010, the Petitioner was sentenced to 63 months imprisonment. [Id., Doc. 46].

The Petitioner did not appeal her sentence or conviction. Instead, on December 8, 2010, she timely filed this motion alleging that her guilty plea was involuntary and that her counsel was ineffective for not providing the Court with character and support letters prior to her sentencing hearing.

## STANDARD OF REVIEW

A prisoner in federal custody may attack her conviction and sentence on the grounds that it is in violation of the Constitution or United States law,

was imposed without jurisdiction, exceeds the maximum penalty, or otherwise is subject to collateral attack. 28 U.S.C. § 2255. Pursuant to the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate. Rule 4(b), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion[.]" <u>Id</u>. The Court has reviewed the Petitioner's motion and the record of her criminal proceedings and enters summary dismissal for the reasons stated herein.

## DISCUSSION

The Petitioner first alleges that her guilty plea was involuntarily and unknowing because she was not aware that the firearm would be used to enhance her sentence. She argues that because the gun charge was to be dismissed as part of her plea agreement, it could not be used to enhance her sentence.

Petitioner's claim is procedurally barred as she did not raise this claim on appeal. Generally, claims that could have been but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."

3

Bousely v. United States, 523 U.S. 614, 621, 118 S. Ct 1604, 140 L.Ed.2d 828 (1998) (citation and internal quotation marks omitted). It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. See United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct 2235, 60 L.Ed.2d 805 (1979). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that she is actually innocent.[1] See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

The term "cause" refers to some kind of impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 20010). Thus, the existence of cause from a procedural default must turn on some external factor that impedes defense counsel's efforts to comply with a procedural rule. Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct 2639, 91 L.Ed.2d 397 (1986). In order to establish "actual prejudice" the defendant must show "not merely that the errors at [her] trial created a *possibility* of prejudice, but that they worked to [her] *actual* and substantial disadvantage, infecting [her] entire

---

[1] Petitioner makes no claim of actual innocence.

4

trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S.Ct 1584, 71 L.Ed.2d 816 (1982). In this case, the Petitioner provides no explanation regarding cause for her failure to raise this claim on direct review, therefore, she has not met her burden. The Petitioner's claim regarding the voluntariness of her plea is procedurally barred.

Next, the Petitioner contends that her counsel was ineffective for failing to provide the Court with her character and reference letters prior to the sentencing hearing. The Petitioner argues that the Court "was unable to properly review [the letters]" because they were not provided prior to the hearing. [Doc. No. 1 at 4].

The Supreme Court has stated the test for determining whether a defendant received adequate assistance of counsel.

> First, the defendant must show that counsel performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct.2052, 80 L.Ed.2d 674 (1984). Where, as here, the claim involves an issue at sentencing, in order to demonstrate an entitlement to relief, the Petitioner must, at a

5

minimum, allege facts which establish that her "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 148-49 (4th Cir. 1999), *certiorari denied* 528 U.S. 1000, 120 S.Ct 465, 145 L.Ed.2d 379 (1999).

Unless a defendant makes both showings of deficiency and prejudice, the ineffective assistance of counsel claim must fail. Strickland, 466 U.S. at 686. To the extent that the Petitioner's counsel could be considered deficient for failing to provide the character and reference letters to the Court prior to the sentencing hearing, Petitioner has not established prejudice. Indeed, the Petitioner concedes that the Court was given the character and reference letters during the sentencing hearing, but argues the Court could not properly review them because it did not have the benefit of reviewing the letters prior to the hearing. While the Court would have preferred to have the letters prior to the hearing, the Court took the time to read and consider the letters during the sentencing hearing. The Court then sentenced the Petitioner giving due consideration to all the arguments of counsel and the evidence provided, including the character and reference letters provided by the Petitioner's counsel during the sentencing hearing. Petitioner has not established the prejudice prong of the Strickland test, therefore this claim must be denied.

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on either of her claims. The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller -El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S. Ct 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), <u>Rules Governing Section 2255 Proceedings for the United States District Courts</u>.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is **DENIED AND DISMISSED**.

**IT IS SO ORDERED.**

Signed: January 17, 2011

Martin Reidinger
United States District Judge